UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

WILLIAM EUGENE HAMMER,           )
                                 )
              Plaintiff,         )
                                 )
      v.                         )     No. 1:07-CV-16 CAS
                                 )
TERRY STEVENS, et al.,           )
                                 )
              Defendants.        )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of William Eugene Hammer (registration no. 510391), an inmate at the Moberly Correctional Center (MCC),[1] for leave to commence this action without payment of the required filing fee. [Doc. 2] Also before the Court are applicant's motion to appoint counsel [Doc. 4], and his "Motion for Court to order County & Sheriff's Office to Furnish Legal Books". [Doc. 6] For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $0. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I. 28 U.S.C. § 1915(b)(1)**

---

[1] At the time applicant submitted this action, he was being held in New Madrid County Jail "awaiting trial." On March 26, 2007, plaintiff informed the Court that he had been transferred to MCC.

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint. See 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $0, and an average monthly account balance of $0. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $0, which is 20 percent of applicant's average monthly .

2

## II. 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## III. The complaint

Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Terry Stevens (Sheriff for New Madrid County,

Missouri), Tony Miller (Captain, New Madrid County Sheriff's Department), Dana Perry (Head Jailer), Hattie Rogers (Cook), Sam Pikey (County Commissioner), Clyde Hall (County Commissioner), and Mark Baker (County Commissioner).

The allegations in plaintiff's complaint stem from his confinement at the New Madrid County Jail (Jail) where he was held "awaiting trial." The complaint claims that the conditions at the Jail - including overflowing toilets, clogged drains, exposed wiring, inadequate ventilation, repetitive meals (with no milk or juice)- violate constitutional standards. Plaintiff also challenges (1) the defendants' refusal to provide him with law books and (2) a state statute holding prisoners financially liable for the cost of their medical care.[2] For relief, plaintiff seeks to have "everything up to standard (repaired)."[3]

**IV. Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). First, plaintiff sought only injunctive relief in his complaint, not money damages. Because plaintiff is no longer confined at the Jail his claims for injunctive relief are moot.

Second, both pretrial detainees and convicted inmates have the

---

[2]The statute is set forth in an exhibit to the complaint.

[3]Plaintiff has not answered the question on the form complaint stating whether he seeks actual or punitive damages. Because plaintiff does not state that he seeks damages, the Court construes the complaint as seeking only injunctive relief.

same right to adequate food, clothing, shelter, medical care, and safety while held custody. <u>Butler v. Fletcher</u>, 465 F.3d 340, 344-45 (8th Cir. 2006). To state a claim that jail officials denied a pretrial detainee of these rights, the detainee must allege that the defendants were deliberately indifferent to basic human needs. See <u>Butler v. Fletcher</u>, 465 F.3d at 345. Deliberate indifference has both an objective and subjective component. <u>Id.</u> The objective component requires the conditions complained about be sufficiently serious. <u>Id.</u> The subjective component requires an allegation that the defendants actually knew of and recklessly disregarded a substantial risk of serious harm. <u>Id.</u>

Plaintiff's claims concerning the food and meals served at the Jail should be dismissed because has not alleged that the food deficiencies are sufficiently serious to rise to the level of deliberate indifference. The facts alleged in the complaint are that there is limited menu rotation,[4] that detainees are served small portions of meat, and that no milk or juice is provided with

---

[4]According to the complaint, four or five days a week breakfast consisted of: one egg, two pieces of bread, and coffee or water. Lunch consisted of a peanut butter sandwich or a bologna sandwich with one slice of bologna and a "paper thin" slice of cheese with tea or water. Depending upon the day, dinner was either (1) a bowl of soup, peanut butter sandwich, and apple sauce or pudding; (2) chili with beans and "small amounts of hamburger," two hot dogs, and bread pudding or applesauce; (3) purple hull peas (or white beans) with two pieces of cornbread, canned spinach or potatoes, applesauce (or pudding or peaches) and sauerkraut; or (4) hamburger and noodles, two pieces of bread, corn or green beans, pudding or apple sauce, tea or water.

5

the meals. Plaintiff has not alleged that he - personally - has suffered any injuries from consuming the meals provided at the Jail. There is no allegation of weight loss or other ill health effects. Furthermore, there is no indication that the meals are (overall) nutritionally inadequate. Therefore, plaintiff's claims concerning the food and meals at the Jail should be dismissed.

With respect to the plumbing, wiring, and other physical conditions at the Jail, plaintiff's complaint states "Travis Lambert from Lilbourn, Mo. and helpers are the plumbers and handyman who are called to repair the need[s] for the Jail." Plaintiff also alleges that the Jail "tr[ies] to cover up what [inmates] live in daily by scrubbing/cleaning/painting over for the Inspector." These allegations indicate that the defendants are not recklessly disregarding the physical deficiencies of the Jail identified by plaintiff. Instead, these allegations indicate that at least some minimal efforts are being made to repair and fix problems at the Jail. Consequently, plaintiff's claims concerning the physical conditions at the Jail should be dismissed.

With regard to Missouri Revised Statute § 221.120 which makes prisoners financially liable for medical care provided to them while confined in a jail, the Court notes that there is no indication that plaintiff sought medical care while confined and, therefore, it appears plaintiff did not personally suffer any injury from this statutory provision. Additionally, a fair reading of the statute indicates that it is designed to help jails defray

the costs of providing medical care by shifting the financial burden to the detainee's private health insurance provider or, if lacking insurance, to the detainee.  Mo. Rev. Stat. § 221.220. Because there is no indication that the levy is imposed for punitive reasons, it does not rise to the level of a violation of plaintiff's constitutional rights.  See Slade v. Hampton Roads Regional Jail, 407 F.3d 243, 251-52 (4th Cir. 2005) (pretrial detainee's rights not violated by having to contribute to the cost of his housing and care).  Moreover, while the Jail has an obligation to provide medical care to persons in its custody, the Constitution does not dictate how the cost of that care is to be paid.  See City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 245 (1983).

Plaintiff's claim that he was denied access to law books and other legal materials should also be dismissed.  First, the exhibits attached to the complaint indicate that plaintiff was represented by and had access to his public defender while confined at the Jail.  Second, plaintiff has failed to allege that he suffered actual prejudice to a non-frivolous legal claim due to the failure to provide him with law books and other legal materials. See Lewis v. Casey, 518 U.S. 343, 351 (1996) (holding that an access to the courts claim requires actual prejudice to a non-frivolous case).

**V.     Conclusion**

For all the foregoing reasons, the Court concludes that plaintiff's Motion for Leave to Proceed In Forma Pauperis should be granted and his remaining motions should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $0.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** as moot. [Doc. 4]

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Court to order County & Sheriff's Office to Furnish Legal Books" is **DENIED** as moot. [Doc. 6]

An appropriate order shall accompany this memorandum and order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  29th  day of May, 2007.